Alex N. Jilizian (CA Bar No. 362307)
2629 Manhattan Ave #1002
Hermosa Beach, CA 90254
PARONICH LAW, P.C.
Phone: (213) 866-5293
Fax: (508) 318-8100
alex@paronichlaw.com

*Attorney for Plaintiff and the Putative Classes*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**
**SACRAMENTO DIVISION**

| | |
|---|---|
| MARK AUSSIEKER, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>SUBURBAN HEATING OIL PARTNERS, LLC d/b/a SUBURBAN PROPANE,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans ‘outraged over the proliferation of intrusive, nuisance calls to their homes from

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id.*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Mark Aussieker ("Plaintiff") brings this action to enforce the consumer-privacy provisions of the TCPA alleging that Suburban Heating Oil Partners, LLC d/b/a Suburban Propane ("Defendant") violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent and by making telemarketing calls without complying with the TCPA's caller ID requirements.

## PARTIES

4. Plaintiff is a natural person residing within this District.

5. Defendant is a limited liability company headquartered in Whippany, Morris County, New Jersey.

## JURISDICTION & VENUE

6. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

7. The Court has specific personal jurisdiction over Defendant and venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent into this District.

## THE TELEPHONE CONSUMER PROTECTION ACT

8. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

10. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

11. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

<u>The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.</u>

12. The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

13. The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

14. There is no consent defense to 47 C.F.R. § 64.1601(e)(1).

15. A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

**<u>FACTUAL ALLEGATIONS</u>**

16. Plaintiff is, and at all times mentioned herein was, a natural person.

17. Plaintiff's telephone number, (916) XXX-XXXX, is a non-commercial telephone number not associated with any business.

18. Plaintiff uses the telephone number for personal, residential, and household purposes only.

19. Plaintiff does not use the number for business purposes and has never used it in connection with any business.

20. Plaintiff's number has been listed on the National Do Not Call Registry since September 21, 2006.

21. In 2024, Plaintiff was a customer of Defendant's.

22. On October 10, 2024, Plaintiff received a call from the Defendant from a blocked number that affirmatively blocked the transmission of caller ID information.

23. Defendant left the following voicemail:

> Hey, good morning Mark. My name is Laura. I'm calling on behalf of Suburban Propane. The reason for my calls, I know it's been quite some time since you had you propane tank filled, and I was just calling to provide you with some pricing. If you would like more information on the pricing or have any questions, please feel free to give us a call back. Phone number is (530) 273-6113. Thank you, and hope you enjoy the rest of your morning.

24. After receiving this voicemail, Plaintiff emailed Defendant, requesting he be placed on Defendant's Do Not Call List.

25. Plaintiff's email to Defendant is provided below.


Gmail Mark Aussieker <aussieker1@gmail.com>

**do not call request**
8 messages

**Mark Aussieker** <aussieker1@gmail.com> Thu, Oct 10, 2024 at 12:31 PM
To: MyAccount@suburbanpropane.com

please add 916-705-8006 to your internal do not call list
--
Thank you,

Mark Aussieker

CCF10102024_00000.pdf
19K

26. Plaintiff also sent Defendant a follow-up letter that same day asking to be placed on Defendant's Do Not Call List.

27. Despite these requests, On February 19, 2026, Plaintiff was contacted by Defendant from a blocked number that affirmatively blocked the transmission of caller ID information.

28. Defendant left Plaintiff the following voicemail:

> Hi, good afternoon. This message is for Mark. My name is Laura. I'm calling on behalf of Suburban Propane. The reason for my call was to provide you with pricing since we noticed it's been since June of 2023 since you last had your propane tank built. If you would like more information on the pricing or have any other questions, please feel free to give us a call back. Phone number is 302-273-611 (indecipherable).

29. On April 29, 2026, Plaintiff received another call from Defendant that transmitted the caller ID (559) 256-0666.

30. Plaintiff answered the call and spoke to an agent who stated they were promoting a special price of $1.93 per gallon to refill Plaintiff's oil tank.

31. Plaintiff asked whether Defendant had previously called him in February, and Defendant confirmed they had.

32. Plaintiff also asked why Defendant had stopped using a blocked number, and Defendant stated that there had been too many complaints from customers.

33. On October 10, 2024, Plaintiff requested to no longer receive calls from Defendant.

34. Plaintiff sent Defendant an email and followed up with a letter asking to be placed on Defendant's Do Not Call List.

35. Plaintiff's response clearly communicated that Plaintiff did not wish to receive further communications.

36. Despite this unequivocal request, Plaintiff received at least two calls from Defendant.

37. The calls came from a blocked number and (559) 256-0666.

38. The latter call transmitted the caller ID, in the form of both CPN and ANI, as follows. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM information contained the name of the telemarketer. The results of the dip is as follows:

| Number | CNAM Avail? | CNAM Result | Carrier of Record |
|---|---|---|---|
| 559-256-0666 | Y | FRESNO CA | Onvoy |

39. As the aforementioned chart shows, the CNAM transmitted by the telephone carrier, provided inaccurate CNAM functionality, which did not transmit the caller's name.

40. Onvoy provides their customers, including downstream customers, the ability to set the CNAM result accurately to reflect their own name as desired, but if the customer does not elect such a CNAM, their default CNAM customer setting is to transmit something other than the caller's name, as occurred here.

41. It is not possible for any individual to call a blocked number back with a voice call to lodge a Do Not Call request during regular business hours.

42. As such, the caller ID information transmitted along with the calls did not transmit a telephone number that permits "any individual to make a do-not-call request during regular

business hours," in addition to failing to transmit a valid CPN or ANI at all, and in another case, failing to transmit the telemarketer's name.

43. In fact, based on Defendant's own statements, Defendant made the conscious and deliberate choice to block its outbound caller ID on at least two calls to conceal its identity.

44. This conduct further harms consumers because it requires consumers to listen to an entire voicemail, transcribe the number, and then call it to make a do not call request, or reach out through other means to do so.

45. Defendant's calls advertised various promotions for its propane business and were made for the purpose of encouraging the purchase of Defendant's propane tank services.

46. Despite that communication that Defendant no longer contact Plaintiff, Defendant continued making telemarketing calls.

47. The calls were unwanted.

48. The calls constituted repeated, nonconsensual intrusions upon Plaintiff's cellular telephone.

49. The calls occupied Plaintiff's phone storage and bandwidth and disrupted Plaintiff's daily activities.

50. Plaintiff found the calls frustrating, annoying, and intrusive.

51. The calls invaded Plaintiff's privacy and interfered with the use and enjoyment of his cellular telephone.

52. Defendant benefitted from the calls by promoting sales, advertising products, and driving consumer engagement.

53. Defendant continued sending calls despite Plaintiff's clear indication that calls were unwanted.

54. Plaintiff was harmed by Defendant's conduct because the calls were frustrating, annoying, and intrusive, invaded Plaintiff's privacy, occupied his cellular telephone's storage and bandwidth, disrupted his daily activities, and interfered with the use and enjoyment of his cellular telephone.

## CLASS ACTION STATEMENT

55. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

56. Plaintiff brings this action on behalf of himself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23(b)(2).

57. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) which either (a) did not transmit caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, and/or (c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, (4) within the four years prior to the filing of the Complaint.

> **Internal Do Not Call Class**: All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) (2) sent more than one telemarketing call from or on behalf of Defendant promoting Defendant's goods or services, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and/or that Defendant was contacting a wrong number and (5) within the four years prior to the filing of the Complaint.

58. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

59. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

60. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

61. This Class Action Complaint seeks injunctive relief and money damages.

62. The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

63. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

64. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

65. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

66. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

67. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b. whether Defendant made multiple calls to Plaintiff and members of the Internal Do Not Call Registry Class;

c. whether Defendant transmitted CPN or ANI, the name transmitted along with that CPN or ANI, and whether that CPN or ANI would have allowed a called party to lodge a do not call request during regular business hours;

d. Whether Defendant's conduct constitutes a violation of the TCPA; and

e. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

68. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

69. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

70. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or any of their agents or vendors.

71. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

72. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

73. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

74. The foregoing acts and omissions of Defendant and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the ~~National Do Not Call Registry Class despite their numbers being on the National Do~~ Not Call Registry.

75. Defendant's violations were negligent, willful, or knowing.

76. As a result of Defendant's and/or any of their affiliates, agents, and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

77. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or other persons or entities which discovery may reveal may have been acting on Defendant's behalf from making

telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Telemarketing Caller ID Class)**

78. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

79. It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

80. It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

81. Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without proving a CPN or ANI that allowed any individual to make a do-not-call request during regular business hours, without transmitting a CPN or ANI at all, despite that functionality being available, and not transmitting compliant Caller ID name information.

82. These violations were willful or knowing.

83. As a result of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

84. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

**THIRD CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do Not Call Class)**

85. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

86. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by sending telemarketing calls, except for emergency purposes, to Plaintiff and members of the Internal Do Not Call Class despite previously requesting that such calls stop.

87. Defendant's violations were negligent, willful, or knowing.

88. As a result of Defendant's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Internal Do Not Call Class are entitled to an award of up to $500 and in damages for each and every call sent and up to $1,500 in damages if the calls are found to be willful.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future, to a number which had previously asked to stop, or without the transmission of Caller ID information required by law in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D. Attorneys' fees and costs, as permitted by law; and

E. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: November 9, 2026

Respectfully submitted,

/s/ Alex N. Jilizian
Alex N. Jilizian (CA Bar No. 362307)
2629 Manhattan Ave #1002
Hermosa Beach, CA 90254
PARONICH LAW, P.C.
Phone: (213) 866-5293
Fax: (508) 318-8100
alex@paronichlaw.com
Attorney for Plaintiff and the Putative Classes